**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:11CV00503 SWW |
| | * | |
| WESCO DISTRIBUTION, INC. | * | |
| | * | |
| Defendant | * | |

**ORDER**

Charles Brown ("Brown") brings this age discrimination action against his former employer, Wesco Distribution, Inc. ("Wesco"), pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, ("ADEA"). Brown also brings supplemental claims pursuant to state law, claiming that Wesco is liable for damages under breach of contract or promissory estoppel theories. Before the Court is Wesco's motion for summary judgment (docket entries #22, #24, #25), Brown's response in opposition (docket entries #28, #29, #30), and Wesco's reply (docket entry #37). Also before the Court is Brown's motion for relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (docket entry #26), Wesco's response in opposition (docket entry #38), Brown's motion to compel (docket entry #23), and Wesco's response in opposition (docket entry #27). After careful consideration, and for reasons that follow, Brown's motion to compel and motion for relief under Rule 56(d) are denied, and Wesco's motion for summary judgment is granted and part and denied in part. Brown's age discrimination claim is dismissed with prejudice, and Brown's supplemental claims brought pursuant to state law are dismissed without prejudice.

**I. Standard of Review**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

If the nonmoving party cannot show the existence of a genuine issue for trial because the nonmoving party has not had an adequate opportunity to obtain necessary evidence through discovery, he or she may seek relief under Rule 56(d). Under Rule 56(d), formerly Rule 56(f), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may . . . defer considering the motion or deny it; . . . or issue any other appropriate order." Fed. Rule Civ. P. 56(d).

A motion under Rule 56(d), however, "is not a shield that can be raised to block a motion

for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)("Rule 56(f) does not condone a fishing expedition."). A nonmovant seeking relief under Rule 56(d) must do more than speculate that it may discover additional facts that would overcome a motion for summary judgment, *see Stanback v. Best Diversified Prods.*, 180 F.3d 903, 911 (8th Cir.1999), and must submit an affidavit showing showing "'what specific facts further discovery might unveil.'" *Id*. (quoting *Dulany v Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)). "Where a party fails to carry [his] burden under Rule [56(d)], 'postponement of a ruling on a motion for summary judgment is unjustified.'" *Id*. (quoting *Humphreys v. Roche Biomedical Labs., Inc*., 990 F.2d 1078, 1081 (8th Cir. 1993)).

## II. Background

The following facts are undisputed.[1] Brown began working for Diversified Electric Supply Company, Inc. ("Diversified") in 1979. In 1997, Wesco purchased Diversified and hired Brown as the branch manager of the company's Little Rock branch. Chuck Grice ("Grice"), the director of Wesco's southern region, served as the supervisor for all employees working at the Little Rock branch, including Brown.

In 2006, Brown notified Wesco that he was thinking about leaving his job, and Wesco

---

[1]Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

asked him to stay. The parties entered a one-year retention agreement, under which Brown agreed to remain with Wesco through May 2007. In January 2007, Wesco altered the duties of its branch managers, and Brown decided that he no longer wanted to work in that position. In order to retain Brown and utilize his management experience and ability to train new employees, Wesco created a position for Brown: inside sales manager. On May 4, 2007, Brown sent a memo to Grice, acknowledging that he had agreed to continue working past May 31, 2007, provided that he continued to receive $110,000 per year as long as he remained employed at Wesco. Brown's memo states: "I never thought that at this time last year that I would be doing this[,] but it is nice to be needed. I feel better suited being in daily sales and doing the training needed." Compl., Ex. A.

On January 5, 2010, Brown received a payroll action form announcing that, effective January 19, 2010, his position would change from inside sales manager to senior inside sales representative, and his annual salary would be reduced from $110,000 to $60,000. The form also provided that, along with his new position and salary, Brown would receive a 3% sales commission. Brown declined to remain employed at a reduced salary, and he resigned from Wesco on January 15, 2010.

Brown commenced this lawsuit on June 21, 2011, alleging that Wesco discriminated against him on the basis of his age in violation of the ADEA.

### III.  Discussion

#### A.     Wesco's Motion for Summary Judgment - Age Discrimination

To make out a *prima facie* case of age discrimination, Brown must show (1) membership in the protected age group; (2) the ability to meet job qualifications; (3) adverse employment

action and (4) some additional evidence that age was a factor in the adverse employment action. *Ward v. International Paper Co.,* 509 F.3d 457, 460 (8th Cir. 2007). If Brown meets his *prima facie* burden, the burden shifts to Wesco to offer a legitimate, nondiscriminatory reason for its conduct. *Id*. Next, Brown must demonstrate that Wesco's proffered reason is pretext for discrimination. *Id*.

Brown claims that Wesco discriminated against him on the basis of his age by eliminating the inside sales position and offering him a reduced salary in January 2010. Although Brown alleges that he was "forced" to either accept a cut in pay or resign, he does not claim that he was constructively discharged. Brown states:

> The adverse employment action that Mr. Brown suffered was a reduction of pay because of his age, and Mr. Brown has never alleged that he was discharged by Wesco because of his age. Further, Mr. Brown admits that he decided to resign when faced with the choice of either accepting Wesco's demotion and drastic reduction in salary or leaving.

Docket entry #29, at 11.

The parties dispute whether Brown can produce evidence that age was a factor in the decision to reduce his pay. In an effort to show that his age played a role in the decision, Brown presents evidence that at the same time Wesco announced his pay cut and told him that his job would change from inside sales manager to senior inside sales representative, Wesco increased the commission rate of two sales representatives--Brian Koch ("Koch") and Victor Cox ("Cox"). Brown was older than Koch and Cox, and he had trained them.

During Brown's tenure as inside sales manager he received an annual salary of $110,000, with no sales commission. *See* Brown Dep. at 104-105. Under Wesco's restructured plan, Brown would receive an annual base salary of $60,000, which exceeded Koch's and Cox's, and

he would also receive a 3% sales commission.  Brown contends that the "overall action" of reducing his salary by $50,000 and eliminating the inside sales manager position is sufficient to demonstrate age discrimination because he was the oldest employee at the Little Rock branch, and he was the only employee targeted for a pay cut.[2]

Wesco asserts that it decided to eliminate the inside sales manager position for legitimate, nondiscriminatory reasons:  Wesco's sales had declined, and Brown's inside sales manager position was no longer economically feasible.  It is undisputed that four individuals, David McClain, Steven Lucas, Michelle Falce, and Grice,  participated in the decision to eliminate Brown's inside sales manager position and reduce his pay.  However, Grice supervised McClain, Lucas, and Flace, and he has testified that he made the final decision to do away with the inside sales manager position and to reduce Brown's base salary.  *See* docket entry #25, Ex. #2 (Grice Dep.) at 33.  According to Grice, Wesco's sales had declined, Wesco no longer needed Brown to train new employees because he had accomplished that task, and Wesco wanted to restructure its work force in an effort to increase sales.  *See* Grice Dep. at 45, 51, 101.  According to Wesco, the intent of its plan was to motivate employees to sell more products and to contribute to the "bottom line."

Because Wesco has proffered non-discriminatory reasons for its decision, in order to survive summary judgment, Brown must (1) discredit Wesco's asserted reasons and (2) show that the circumstances permit a reasonable inference that age was the real reason for the decision.

---

[2]In deposition, Brown testified that at first, he was happy when he learned that Koch and Cox would receive a 3% sales commission.  Docket entry #25, at 102.  Brown testified: "But when I asked them that question point blank, was I the only guy taking a pay cut and they said yes, I had to go on that information that, well, I was the oldest guy, I was the highest paid guy so they started at the top and worked down."  *Id*.

*See Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005)("We have recognized that the showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee. Johnson is also required to show that the circumstances permit a reasonable inference to be drawn that the real reason AT & T terminated him was because of his race.")(citations omitted).

Citing the deposition testimony of David McClain, Wesco's sales director, Brown argues that Wesco has admitted that it would not single out one employee for a salary reduction in order to increase profits. When asked for "reasons that might cause Wesco to reduced someone's salary[,]" McClain answered that the profitability of a "branch overall" might be a reason to reduce salaries "across the board." *See* docket entry #28, Ex. B, at 26. However, Wesco does not claim that it reduced Brown's salary in order to increase the profitability of the "branch overall." According to Wesco, its specific goal was to increase sales, and Brown presents no evidence to discredit Wesco's asserted reason for its conduct.[3] It is entirely plausible that Wesco

---

[3] Contrary to Brown's argument, McClain's testimony actually supports Wesco's proffered reasons for its actions:

Q. Mr. McClain, can you explain to me if the Little Rock branch was not doing well as far as profitability, so much so that they were eliminating positions, why would two other employees receive an increase in compensation?

A. Okay. I would answer that question by saying we did not eliminate the position because of profitability. We looked at positions and responsibilities, number one; number two, human nature is to work harder if you get compensated for the work. So if you receive a base salary and you had to work very little or bust it and you got paid the same, most people don't bust it.

Q. Don't bust it[?]

A. That's right.

would offer Brown a sales representative position at a reduced base salary plus a sales commission in an effort to increase sales. The Court finds that Brown has failed to show the existence of a factual dispute as to whether Wesco's proferred reasons are credible. The Court further finds that Brown has failed to present evidence that age was the real reason for Wesco's actions.

**B.** **Brown's Motions to Compel Postpone a Ruling under Rule 56(d)**

The Court's final scheduling order, entered November 4, 2011, sets this case for a jury trial to begin August 27, 2012. On March 26, 2012, Brown filed a motion requesting an extension of the discovery deadline, which was set to expire on March 30. In support of his motion for extended discovery, Brown stated that he had received timely responses to his written discovery requests, which he propounded in February, and that Wesco had objected and failed to respond to certain inquiries related to his age discrimination claim. However, rather than seek an order compelling discovery, as permitted under Fed. R. Civ. P. 37, Brown requested an additional sixty days to conduct "further" written discovery regarding age discrimination. Brown also requested the opportunity to conduct depositions after he conducted additional written discovery. Wesco opposed Brown's motion.

By order entered April 10, 2012, the Court denied Brown's motion for extended discovery on the ground that he had failed to demonstrate good cause for modification of the

---

Q. I understand.

A. So the incentive is there to give them the ability to earn more as they sell more.

Docket entry #28, Ex. B, at 47.

Court's scheduling order. Additionally, the Court found that Brown had failed to exercise diligence in meeting the discovery deadline.

On April 30, 2012, Wesco filed a motion for summary judgment. The same day, Brown filed a motion to compel responses to discovery requests, and on May 9, 2012, Brown filed a motion for relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, requesting that the Court postpone a decision on Wesco's motion for summary judgment pending resolution of his motion to compel. Finally, on May 14, 2012, Brown filed a response in opposition to Wesco's motion for summary judgment.[4]

By affidavit, Brown's attorney testifies: "Only after the discovery dispute is resolved and Defendant provides full and complete responses to the written discovery can the factual issues surrounding Plaintiff's . . . age discrimination claim . . . be fully developed." Docket entry #26, ¶ 5. Counsel's affidavit does not make clear how further discovery would enable Brown to overcome Defendant's motion for summary judgment.

In his brief, Brown states that he seeks information about Cox and Koch, the Wesco employees that began receiving a 3% sales commission at the same time that Wesco reduced Brown's pay. Brown alleges that Cox and Koch assumed his job duties after his departure from the company. However, it is undisputed that Wesco eliminated Brown's inside sales manager position, and even assuming that some of Brown's job duties were divided among remaining employees after he resigned, such evidence does not create an inference of discrimination. *See*

---

[4]Brown asserts: Despite Wesco's refusal to provide . . . requested information relating to Mr. Brown's age discrimination claim in the written discovery process, Mr. Brown can prove a *prima facie* case for age discrimination, and there are genuine issues of fact regarding whether Wesco's stated reasons for eliminating Mr. Brown's position and drastically reducing his salary are a mere pretext for age discrimination." Docket entry #29, at 9, 10.

*Ward v. International Paper Co.*, 509 F.3d 457 (8th Cir. 2007). Brown fails to specify how additional information about Cox and Koch would enable him to counter Wesco's motion for summary judgment.

The Court finds that Brown has failed to provide specific facts explaining how further discovery will enable him to overcome Wesco's motion for summary judgment. The Court further finds that Brown had ample time to complete discovery, and he filed his motion to compel after the discovery deadline had expired. *See Beatty v. Synthes* (USA), No. 03-3378, 101 Fed. Appx. 645, 2004 WL 1434860, at *1 (8th Cir. June 28, 2004)(affirming denial of Rule 56(f) motion where the plaintiff failed to submit an affidavit identifying material facts discovery might unveil and failed to show that she had vigilantly sought to prepare her case in a timely manner). In sum, the Court finds no cause for extending discovery or delaying a decision on Defendant's motion for summary judgment.

### C.     **Supplemental Claims Pursuant to State Law**

Because the Court finds no issues for trial with respect to Brown's age discrimination claim over which this Court has original jurisdiction, that claim will be dismissed, with prejudice, and the Court will dismiss Brown's supplemental breach of contract and promissory estoppel claims, which he brings pursuant to state law, without prejudice.   *See* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

### IV.  Conclusion

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (docket entry #22) is GRANTED IN PART AND DENIED IN PART.  Pursuant to the judgment entered

together with this order, Plaintiff's claim pursuant to the Age Discrimination in Employment Act is DISMISSED WITH PREJUDICE, and Plaintiff's claims pursuant to state law are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to compel (docket entry #23) and motion for relief under Rule 56(d) (docket entry #26) are DENIED.

IT IS SO ORDERED THIS 6TH DAY OF JUNE, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
